UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON THOMAS G.,[1] <br><br>          Plaintiff, <br><br>    v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br>          Defendant. | Case No. 1:24-cv-00572-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of his applications for a period of disability and disability insurance benefits, and for supplemental security income. (Dkt. 1). Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

## BACKGROUND

On October 13, 2022, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act and, on September

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

14, 2022, Plaintiff protectively filed an application for supplemental security income under Title XVI. Both applications alleged disability onset beginning June 1, 2020.

The applications were denied upon initial review and on reconsideration. A video hearing was conducted by an Administrative Law Judge (ALJ) on March 28, 2024, at which the ALJ heard testimony from Plaintiff and a vocational expert. On May 1, 2024, the ALJ issued a written decision finding Plaintiff was not disabled from the alleged onset date through the date of the decision. (AR 17-28). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision on November 27, 2024. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was twenty-two years of age on the alleged disability onset date. (AR 27). Plaintiff has previous relevant work experience as a protective signal installer and wire harness assembler. (AR 26). Plaintiff claims he is unable to work due to physical and mental impairments of autism, depression, anxiety, attention deficit hyperactivity disorder (ADHD), and irritable bowel syndrome.

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th

MEMORANDUM DECISION AND ORDER - 2

Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 19). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: autism spectrum disorder, ADHD, major depressive disorder, and cannabis use disorder. (AR 19). Plaintiff's irritable bowel syndrome was found to be non-severe. (AR 20).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 20-22). The ALJ next found Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations:

> he can have brief superficial contact with the public; occasionally interact with co-workers and supervisors, but should avoid tasks requiring close coordination with coworkers; tolerate occasional changes in a routine work setting; tolerate no more than moderate noise; tolerate bright light and sunlight with protective eye wear, a hat or visor; and cannot perform work requiring a specific production rate such as assembly line work.

(AR 22).

At step four, the ALJ found Plaintiff was able to perform past relevant work as a protective signal installer and wire harness assembler. (AR 26-27). Alternatively, the ALJ determined at step five that in addition to Plaintiff's ability to perform his past relevant work, there were unskilled jobs that exist in significant numbers in the national economy that Plaintiff can perform considering Plaintiff's age, education, work experience, and

MEMORANDUM DECISION AND ORDER - 3

RFC, such as marker, cleaning/housekeeping, and cleaner II. (AR 27-28). Therefore, the ALJ found Plaintiff not disabled. (AR 28).

## ISSUES FOR REVIEW

1.     Whether the ALJ properly evaluated the medical opinion evidence.

2.     Whether the ALJ properly evaluated Plaintiff's subjective symptom statements.

3.     Whether the ALJ properly considered the third party statements.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759

MEMORANDUM DECISION AND ORDER - 4

F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 122526 (9th Cir. 2009). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's findings even if other evidence may exist that supports Plaintiff's claims. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); 42 U.S.C. § 405(g). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1. Medical Opinion Evidence

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence provided by Jamie Mann, QIDP; Mack Stephenson, Ph.D.; Deena Brenton, LAMFT; Toby Gochnour, LMSW; and Gwen Eats, QIDP. (Dkt. 16, 24).[2] Defendant maintains the ALJ considered the opinion evidence consistent with the applicable regulations. (Dkt. 21).

### A.    Legal Standard

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

---

[2] The abbreviations for the certifications used herein are as follows: Qualified Intellectual Disabilities Professional (QIDP), Licensed Associate Marriage and Family Therapists (LAMFT) and Licensed Master Social Worker (LMSW).

The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant...objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent...with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

The ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. *Id.*; 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Treichler v. Comm'r Soc. Sec. Admin*., 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported...and consistent with the record...but are not exactly the same," the ALJ is required to explain how the other persuasive factors were

**MEMORANDUM DECISION AND ORDER - 6**

considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). The ALJ's persuasiveness determination must be supported by substantial evidence. *Woods*, 32 F.4th at 787.

### B.    Jamie Mann, QIDP

Mann authored a Report of Adapted Behavior Testing (Report) dated November 25, 2022, that summarized Mann's findings of Plaintiff's adaptive functioning using the Scales of Independent Behavior-Revised (SIB-R). (AR 552-555, 839-842).[3] The SIB-R evaluates four areas of adaptive functioning: motor skills, social interaction and communication skills, personal living skills, and community living skills. In the Report, Mann found Plaintiff's motor skills and community living skills were limited, social interaction and communication skills were limited to very limited, and his personal living skills were very limited. Overall, Mann concluded that Plaintiff's functional independence was "very limited," and that he demonstrated moderately serious problem behaviors, serious internalized maladaptive behaviors, marginally serious asocial maladaptive behaviors, and marginally serious externalized maladaptive behaviors. (AR 552, 554).

The Report was incorporated into and attached to an Assessment for Services (Assessment), compiled by Mann on December 5, 2022, that determined Plaintiff qualified for developmental disability waiver services with a budget of $43,836.29 for the year 2023. (AR 510-519, 520-575). The Assessment also included, as relevant here, an

---

[3] The Report is located in two parts of the Administrative Record: 4E/33-36 (AR 552-555); and 5F/1-4 (AR 839-842).

Inventory of Individual Needs (Inventory); and a Medical, Social, and Developmental Assessment Summary (Summary), both signed by Mann. (AR 532-542, 566-575).

The ALJ found Mann's opinion in the Report not persuasive. (AR 25).[4] The ALJ concluded that the opinion was unsupported by an adequate basis or explanation because the "findings are vague and based on an unclear testing technique that consisted of a report with no clear findings and rationale for those findings." (AR 25). As to consistency, the ALJ stated "the level of limitation opined far exceeds treatment notes and the claimant's daily activities," and therefore was inconsistent with the record. (AR 25).

Plaintiff argues the ALJ erred in finding the opinion unpersuasive because it was supported by Mann's use of the SIB-R test, and was consistent with the psychological assessment of Pamela Want, MS-SE and Ryan Hulbert, Ph.D., which the ALJ found persuasive, and the findings by Deena Brenton, LAMFT. (Dkt. 16). Further, Plaintiff argues the functional reports, treatment records, and other materials cited in the decision do not support the ALJ's determination that Mann's opinion was inconsistent with the record. Defendant asserts that the ALJ reasonably found Mann's opinion unpersuasive

---

[4] The parties present differing arguments concerning which records make up Mann's "opinion." (Dkt. 16, 21, 24). Plaintiff's arguments relevant to Mann's opinion incorporate the entirety of the Assessment, including the Report, Inventory, and Summary. Defendant's discussion of Mann's opinion looks to the Inventory and the Report, but not the Summary. However, a plain read of the written decision shows that the ALJ evaluated Mann's "opinion" as that contained in the Report only. (AR 25) (discussing Mann's opinion relevant to "behavioral testing" and listing the test results in the same order as the Report). The ALJ then discussed the Assessment as a third-party statement. (AR 25) (citing 3E and 4E). Plaintiff has not clearly argued that the ALJ erred by evaluating Mann's opinion only in the Report, and has therefore waived the same. *Bray*, 554 F.3d at 1226 n. 7. The Court will therefore address the parties' arguments regarding the ALJ's evaluation of Mann's opinion as contained in the Report.

**MEMORANDUM DECISION AND ORDER - 8**

under the supportability and consistency factors, and that Plaintiff's alternative interpretation of the record is not a basis for remand. (Dkt. 21).

The Court finds the ALJ's evaluation of Mann's opinion contained in the Report satisfied the regulatory requirements and that any error was harmless. The ALJ addressed the supportability and consistency factors, articulated the reasons for finding the opinion unpersuasive, and the ALJ's reasoning was supported by substantial evidence.

As to supportability, the ALJ reasonably concluded that the opinion was vague with no clear findings or rationale for the findings. (AR 25). Using the SIB-R, Mann rated Plaintiff's skills as limited to varying degrees and comparable to an individual at certain age-levels. However, the Report contains little to no discussion of the particular behaviors of Plaintiff that were the bases for the ratings, and no explanation of Mann's reasoning for the findings and opinions. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (The "supportability" factor addresses the relevance of the objective evidence presented in support of an opinion, as well as the "supporting explanations" provided by the medical source.). Rather, the Report provides conclusory statements of the test findings. As such, the ALJ rationally found the Report was vague and without clear findings and, therefore, unsupported. However, the ALJ's statement that Mann's findings were based on an "unclear testing technique" is without support as the report plainly states that Mann used the SIB-R to conduct the evaluation. (AR 552, 555). Any error in this regard was harmless, as the ALJ provided other valid reasons for finding the opinion unpersuasive. *See e.g. Jordan Zachary B. v. Bisignano*, 2025 WL 2306144, at *6 (D. Idaho Aug. 11, 2025); *Burns v. Comm'r Soc. Sec.*, 2024 WL 577216, at *6 n. 7 (D. Ariz. Feb. 12, 2024).

As to consistency, the ALJ reasonably concluded that the level of limitations opined by Mann in the Report "far exceeds" treatment notes and Plaintiff's daily activities and, therefore, was inconsistent with the record. (AR 25). In support of the consistency finding, the ALJ cited Plaintiff's functional reports, a psychological evaluation authored by Pamala Want, MS-SE, and Ryan J. Hulbert, Ph.D, and treatment notes. (AR 25) (citing AR 576-583, 637-644, 886-897, 898-910).[5] Plaintiff argues the ALJ did not discuss his daily activities in the decision, and that Mann's opinions were not inconsistent with the records of his daily activities, treatment notes, and opinions/findings by other providers and evaluators. (Dkt. 16). The Court finds otherwise.

Plaintiff's daily activities are described in the functional reports, hearing testimony, treatment notes, records of other providers/evaluators, and third party statements, all of which the ALJ accurately summarized in the decision. (AR 22-26). The ALJ discussed Plaintiff's daily activities when addressing the Paragraph B functional areas, discussing medical records, and considering third party statements. (AR 21-26). For instance, the ALJ observed Plaintiff's statements and treatment records reported that he could prepare simple meals, perform maintenance, pay bills, go to doctor's appointments, take medications, shop, drive, listen to lectures, write music, play video games, handle self-care with reminders, care for pets, assist his aunt, plan a trip, and go places outside the home. (AR 20-21, 23). The ALJ recognized Plaintiff's reported

---

[5] The decision also cited to "F" and "117F/6", which appear to be incomplete or erroneous citations. (AR 25). The miscitations do not change the outcome stated herein, as the remaining citations and reasoning articulated in the decision support the ALJ's conclusion.

**MEMORANDUM DECISION AND ORDER - 10**

difficulties with certain daily activities that involved social interactions and communication, adaptive functioning, and focus. (AR 21-26). The ALJ therefore did discuss daily activities in the decision, contrary to Plaintiff's contention.

Further, the ALJ reasonably concluded that Mann's opinion in the Report was inconsistent with Plaintiff's daily activities and other evidence in the record. Having carefully reviewed the record and the written decision, the Court finds the ALJ's conclusion that the severity of limitations opined by Mann "far exceeds" Plaintiff's reported daily activities and treatment notes was reasonable and supported by substantial evidence. The daily activities discussed in the decision show Plaintiff was capable of several daily tasks, while recognizing that he has ongoing anxiety related to going out in public, social functioning, and communicating/interacting with others, and difficulty attending to personal hygiene and maintaining a clean home environment.

The Want/Hulbert psychological evaluation, conducted on May 10, 2022, summarized Plaintiff's social history and daily activities; family, educational, occupational, and legal histories; substance use; psychiatric treatment history; and mental status. (AR 886-897). The evaluation reported the results of three tests that were administered. Relevant here, the testing placed Plaintiff in the high average range for intellectual functioning; low range for social and adaptive behavior; and elevated scores for somatic complaints, anxiety, schizophrenia, antisocial features, and stress. The evaluation diagnosed Plaintiff with autism spectrum disorder, level 1 requiring supports, without intellectual or language impairment; attention-deficit/hyperactivity disorder, moderate; major depressive disorder, in full remission; and cannabis use disorder,

**MEMORANDUM DECISION AND ORDER - 11**

moderate. (AR 897). The treatment notes corresponding to the evaluation discussed Plaintiff's treatment plan and progress with treatment goals, centering on Plaintiff's social anxiety, functioning, and communication. (AR 898-910). Generally speaking, the treatment notes reported that Plaintiff regressed in some areas and made slight progress in other areas. The ALJ found the Want/Hulbert evaluation persuasive and Mann cited the evaluation in the Assessment. (AR 24-25, 510-511).

Overall, the Want/Hulbert evaluation reported test results showing Plaintiff had a high average range of intellectual functioning, with scores reflecting low level abilities for self-direction/adaptation, social interactions/anxiety, and self-care. The evaluation's diagnostic impressions categorized Plaintiff's diagnoses in the low to moderate ranges. (AR 897). In contrast, Mann opined that Plaintiff was limited to some extent in all behavioral areas and was very limited or greater in most areas, including areas related to daily activities such as personal living skills. (AR 552-553, 555). Given the differences in the degree of Plaintiff's limitations and abilities contained in the Want/Hulbert evaluation, treatment notes, daily activities, and Mann's opinion, the ALJ reasonably concluded that Mann's findings were inconsistent with other records. Plaintiff's differing interpretation of the records and findings does not warrant remand. *Morgan v. Comm'r Soc. Sec.*, 169 F.3d 595, 599-600 (9th Cir. 1999). The Court must uphold the ALJ's conclusion where, as here, the evidence is subject to more than one rational interpretation and the ALJ's decision is supported by substantial evidence. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). For these reasons, the Court find no harmful error in the ALJ's evaluation of Mann's opinion in the Report.

**MEMORANDUM DECISION AND ORDER - 12**

C.      Mack Stephenson, Ph.D.

Stephenson, an agency psychological consultant at the reconsideration level, provided opinions concerning Plaintiff's mental impairments and limitations. (AR 83-87, 92-96). Stephenson found Plaintiff had no limitations with understanding, memory, or applying information, and had moderate limitations with maintaining attention and concentration for extended periods; interacting appropriately with the general public; and responding appropriately to changes in the work setting. Stephenson opined that Plaintiff was able to sustain understanding and memory sufficient to carry out work tasks at all levels of complexity; to maintain attention and concentration for extended periods sufficient to retain the capacity for mental demands in unskilled activities; to perform jobs with limited public interaction; and to adapt to routine, low stress activities. Stephenson found Plaintiff was "not significantly limited" in all of the other mental functional capacity areas.

The ALJ found Stephenson's opinions to be "more persuasive" that those of the initial level consultant, which Plaintiff does not challenge on review. (AR 24). Instead, Plaintiff argues the ALJ erred in failing to incorporate all of the limitations opined by Stephenson into the RFC - specifically, the limitations to unskilled and routine activities. (Dkt. 16). Defendant contends that the RFC's limitations are consistent with Stephenson's findings. (Dkt. 21). Plaintiff maintains the RFC's limitations do not necessarily translate to unskilled and routine work. (Dkt. 24). The Court finds as follows.

An RFC "is the most [a claimant] can still do despite [their] limitations" and it is "based on all the relevant evidence in [the claimant's] case record," rather than a single

**MEMORANDUM DECISION AND ORDER - 13**

medical opinion or piece of evidence. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining an RFC, the ALJ "must consider all relevant evidence in the record," including medical records, lay evidence, and the effects of symptoms that are reasonably attributable to a medically determinable impairment. *Robbins v. Comm'r Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see also Bray*, 554 F.3d at 1226; 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC," and resolving ambiguities or conflicts in the evidence. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-75 (9th Cir. 2008) (affirming the ALJ's translation of moderate functional limitations into the RFC).

When incorporating a credited medical opinion, the ALJ's findings need only be consistent with the opined limitations, not identical to them. *Turner v. Comm'r Soc. Sec.*, 613 F.3d 1271, 1223 (9th Cir. 2010) (An RFC need not directly correspond to a specific medical opinions but may incorporate the opinions by assigning RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician). Therefore, an RFC need not mirror a particular opinion, as it is an assessment formulated by the ALJ based on all relevant evidence. However, it is error for an ALJ to simultaneously claim to incorporate a medical opinion and yet, without explanation, omit relevant limitations set forth in that medical opinion. SSR 96-8p, 1996 WL 374184 at *7 (Jul. 2, 1996). Where a medical opinion is found to be persuasive, the ALJ must either incorporate the findings into the RFC or explain why they chose not to accept them. *See, e.g., Martin v. Comm'r Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) (finding error when the RFC did not

MEMORANDUM DECISION AND ORDER - 14

incorporate the limitations of a medical opinion that was found persuasive, without explanation); *Neufeld v. Berryhill*, 2018 WL 4739699, at \*6 (C.D. Cal. Sept. 30, 2018).

Here, the ALJ's decision, findings, and RFC assessment were consistent with Stephenson's opinion. Stephenson opined that Plaintiff had no limitation in understanding, remembering, or applying information, and was moderately limited in his abilities for social interactions; sustained concentration and attention; and responding appropriately to changes in the work setting. (AR 85-86, 94-95). Likewise, at step three the ALJ found Plaintiff had no limitations with understanding, remembering, or applying information, and moderate limitations in his ability to interact with others; to concentrate, persist, or maintain pace; and to adapt or manage himself. (AR 21, 24). The ALJ then reasonably incorporated those limitations into the RFC. (AR 22-24) (noting that the RFC assessment "reflects the degree of limitation" found in the paragraph B analysis and then expressly discussing the reasons for including RFC limitations for social interactions, changes in routine, production rates, and environmental factors). The RFC limitations on the amount and type of contact with the public, co-workers, and supervisors; occasional changes in a routine work setting; no work requiring a specific production rate; and environmental restrictions, fairly captured Stephensen's opinion that Plaintiff was able to sustain understanding and memory sufficient to carry out work tasks at all levels of complexity; retained the mental capacity to maintain attention and concentration required for unskilled activity; could perform jobs with limited public interaction; and could do work with routine, low stress activities. (AR 21-24, 85, 94). In particular, as to Plaintiff's main contention, the RFC's limitations of occasional changes in the routine work setting

**MEMORANDUM DECISION AND ORDER - 15**

and no work requiring a specific production rate reasonably incorporated the opinion's finding of moderate limitations in maintaining concentration and persistence and responding to changes in the work setting. *See e.g., Kimberly A. v. Kijakazi*, 2022 WL 19203, at *6 (D. Ore. Jan. 3, 2022) (moderate limitations in concentration, persistence, and pace adequately addressed by a limitation to non-production quota type work); 20 C.F.R. pt. 404, sub. pt. P, app. 1, § 12.00(E)(3) ("Concentrate, persist, or maintain pace" refer to the mental functional "abilities to focus attention on work activities and stay on task at a sustained rate.").

Because the RFC assessment incorporated and was consistent with the limitations opined by Stephenson, Plaintiff contention of error fails. *Rounds*, 807 F.3d at 1006; *Turner*, 613 F.3d at 1223. Further, any error in this regard was harmless because the alternative step five finding determined there were unskilled jobs available in the national economy that Plaintiff was able to perform and Plaintiff has not identified any greater limitations, beyond unskilled work, that should have been included. (AR 27-28) (identifying three unskilled occupations that Plaintiff could perform). Thus, any error was inconsequential to the ultimate disability determination. *Leach v. Kijakazi*, 70 F.4th 1251, 1256 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (ALJ's error is harmless if it us inconsequential to the ultimate nondisability determination.).

### D.    Medical Opinions/Assessments Not Evaluated

Plaintiff argues the ALJ erred in failing to evaluate the persuasiveness of the medical opinions by Toby Gochnour, LMSW, Gwen Eats, QIDP, and Deena Brenton,

**MEMORANDUM DECISION AND ORDER - 16**

LAMFT. (Dkt. 16, 24). Defendant contends these medical assessments were not medical opinions of Plaintiff's work-related functional limitations that the ALJ was required to evaluate and, regardless, any error was harmless as the assessments were vague and provided no specific description of work-related functional limitations. (Dkt. 21).

Under the applicable regulations, statements on issues reserved to the Commissioner, such as whether an individual is able to work or is disabled, are neither valuable nor persuasive and the ALJ is not required to provide an analysis of how such evidence is considered. 20 C.F.R. §§ 404.1520b(c), 416.920b(c); *see also* 20 C.F.R. §§ 404.1504, 416.904 (ALJs are also not required to "provide any analysis in [their] determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [the claimant] is disabled ...."). Rather, the ALJ is required to provide an analysis of "medical opinions" only in accordance with 20 C.F.R. §§ 404.1520c, 416.920c. A "medical opinion" is "a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [they] have one or more impairment-related limitations or restrictions" on their ability to perform physical, mental, and other demands of work activities. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

Each of these assessments contain statements concerning Plaintiff's difficulty with maintaining employment. (AR 622, 661, 966). Such statements are not medical opinions or findings that the ALJ was required to address. 20 C.F.R. §§ 404.1520b(c), 404.1504, 416.920b(c), 416.904. However, that a record contains a statement reserved for the Commissioner does not necessarily mean the entire record does not contain a medical

MEMORANDUM DECISION AND ORDER - 17

opinion that must be evaluated. *Zachary Devin R. v. Comm'r Soc. Sec.*, 2025 WL 2696980, at *6 (D. Idaho Sept. 22, 2025) (citing cases). Where a record also includes medical opinions concerning a claimant's work-related functional limitations, it is clear error for the ALJ to not evaluate the persuasiveness of the opinions. *Id.* (citing *Garrison*, 759 F.3d at 1012-13).

Having carefully reviewed each of the records authored by Gochnour, Eats, and Breton, the Court finds that none of the records contain medical opinions about Plaintiff's work-related functional limitations. While they each discuss Plaintiff's ability to complete tasks and his social, interpersonal, and communication limitations, the assessments are made in the context of recommending treatments and services, not Plaintiff's functional work abilities. Thus, the ALJ was not required to evaluate the persuasiveness of the records by Gochnour, Eats, and Breton. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

### 2. Plaintiff's Statements

Plaintiff argues the ALJ erred by failing to provide clear and convincing reasons to disregard his subjective symptom allegations. (Dkt. 16, 24). Defendant contends the ALJ reasonably discounted Plaintiff's symptom allegations as inconsistent with the record. (Dkt. 21).

### A. Legal Standard

Where the record contains objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which they complain and there has not been an affirmative finding of malingering, a

MEMORANDUM DECISION AND ORDER - 18

claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-38, 1040 (9th Cir. 2007). The clear and convincing standard does not require this Court to be convinced, but instead asks "whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

General findings and conclusory statements are insufficient. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Rather, the ALJ must identify which testimony was found not credible and explain what evidence contradicted that testimony. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony regarding pain." *Brown-Hunter*, 806 F.3d at 493. If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

## B. Analysis

Here, the ALJ summarized Plaintiff's functional reports and testimony where Plaintiff describes being sensitive to light, noise, touch, and temperature; his limitations due to social anxieties; and his inability to focus, remember, and complete tasks. (AR 22-23). The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that the statements concerning the intensity, persistence, and limiting effects of his symptoms were inconsistent with the medical

MEMORANDUM DECISION AND ORDER - 19

evidence and other evidence in the record. (AR 23). Specifically, the ALJ found Plaintiff's symptom statements were inconsistent with records showing his anxiety symptoms were under control and improved with medication. (AR 23). The ALJ found the medical records partially supported Plaintiff's complaints of difficulty with social anxiety, difficulty interacting with others, adaptive functioning, changes in routine, meeting production rates, and certain environmental sensitivities. (AR 23-26). However, the ALJ concluded that the evidence showing improvement and control of his symptoms with medication was inconsistent with Plaintiff's statements that his symptoms and limitations were severe enough to be totally disabling. Having carefully reviewed the records cited in the written decision, the Court finds the ALJ's conclusion is reasonable and supported by substantial evidence for the reasons that follow.

The effectiveness of medication or treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be effectively controlled with medication are not disabling for the purpose of determining eligibility for SSI benefits."). In cases involving mental health impairments, the Ninth Circuit emphasizes that symptoms commonly "wax and wane in the course of treatment," and that "[c]ycles of improvement and debilitating symptoms are a common occurrence, [such that] it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is

**MEMORANDUM DECISION AND ORDER - 20**

capable of working." *Garrison*, 759 F.3d at 1017. An ALJ errs when relying on individual points of improvement rather than a record of sustained improvement. *Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("Although the ALJ pointed to isolated signs of improvement, the ALJ could not find medical improvement on that basis unless the ups and the downs of [plaintiff's] development showed sustained improvement.").

Here, the overall longitudinal record supports the ALJ's conclusion that Plaintiff's symptoms improved and were controlled when he was routinely taking his medications. (AR 741, 743, 745, 747, 794, 796, 800, 852-855, 882, 905, 979). The records reflect that Plaintiff consistently reported improvement and control of his symptoms relevant to his anxiety and depression with medication and treatment, and worsening of symptoms when he stopped taking medications.

Plaintiff's arguments to the contrary present a differing interpretation of the record, but not any basis for remand. Plaintiff disputes the ALJ's findings, arguing that the records relied on by the ALJ only pertain to his mood in relation to his depression and anxiety, and that they reflect his symptoms were only "mostly controlled." (Dkt. 16 at 14-15). The Court finds that the ALJ did not err by characterizing the record as showing improvement of symptoms with routine medication as "under control," rather than "mostly controlled," or otherwise improperly attribute greater improvement of symptoms with medications than was reflected in the record. Nor did the ALJ conclude that Plaintiff was symptom free or ignore the overall well-being and nature of his symptoms and their impacts on Plaintiff's activities and abilities. The ALJ clearly recognized that Plaintiff continued to have symptoms limiting his functional abilities relevant to social anxiety,

MEMORANDUM DECISION AND ORDER - 21

adaptive functioning, changes in routine, working at production rates, and environmental sensitivities despite the improvement with medication. (AR 23-24) ("While the claimant's medication and counseling were assisting with his symptoms, the record also shows that the claimant still has difficulty with social interactions and adaptive functioning," changes in routine, meeting production rates, and sensitivities.). Indeed, the ALJ expressly incorporated limitations in the RFC to address Plaintiff's symptoms that persisted despite medications. (AR 23-24).

Further, the other portions of the record highlighted by Plaintiff do not establish error by the ALJ. (Dkt. 16, 24). The ALJ did not improperly isolate certain portions of the record or fail to appreciate that mental health symptoms can wax and wane. Rather, the ALJ fairly characterized the record as showing improvement of symptoms with medications; accurately noted records reflecting improved/manageable mood and anxiety, appropriate appearance; and observed records of activities reflecting improvement of symptoms and greater functional abilities than alleged. (AR 23-24). On whole, the Court finds the ALJ's characterization of the record as showing improvement and control of Plaintiff's symptoms with routine medication is supported by substantial evidence. *Smartt*, 53 F.4th at 499. Therefore, the ALJ identified a clear and convincing reason for discrediting Plaintiff's symptom statements.

### 3. Third Party Statements

Plaintiff argues the ALJ erred by failing to provide a germane reason for rejecting the third party statements submitted by his mother, cousin, and friend. (Dkt. 16, 24). Defendant asserts that the ALJ reasonably considered the statements and was not required

**MEMORANDUM DECISION AND ORDER - 22**

to separately articulate reasons for discrediting the statements because they were generally consistent with Plaintiff's subjective reports, which the ALJ rejected. (Dkt. 15).

Pre-2017 caselaw requires that lay witness testimony about a claimant's symptoms be considered as competent evidence unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). However, the 2017 revisions to the Regulations state: "[w]e are not required to articulate how we considered evidence from nonmedical sources using the requirements" applicable to medical opinion evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d). The Ninth Circuit has not resolved whether an ALJ must provide germane reasons for rejecting lay statements under the 2017 revised regulations. *See Apple v. Bisignano*, 2025 WL 1525314, at *3 (9th Cir. May 29, 2025); *Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023); *Fryer v. Kijakazi*, 2022 WL 17958630 (9th Cir. Dec. 27, 2022); *Hudnall v. Dudek*, 130 F.4th 668, 671 (9th Cir. 2025) (overruling germane reasons standard), *vacated and withdrawn* 133 F.4th 968 (9th Cir. Apr. 7, 2025).

The Court need not take a position on this open issue because the ALJ has satisfied the germane reasons standard. Where the ALJ gives legally sufficient reasons for rejecting a claimant's subjective symptom statements, the ALJ need only point to those reasons to reject similar testimony by a lay witness. *Valentine v. Comm'r Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (an ALJ who provides clear and convincing reasons for rejecting a claimant's subjective complaints may legally reject parallel statements by a lay witness for "the same reasons"). Here, the ALJ accurately summarized the third party

**MEMORANDUM DECISION AND ORDER - 23**

statements, considered them fully, and found they were generally consistent with Plaintiff's subjective reports. (AR 25). For the reasons discussed above, the ALJ properly discredited Plaintiff's subjective reports. As such, the ALJ provided germane reasons to reject the third party statements. *Valentine*, 574 F.3d at 694 ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."). Plaintiff's assignment of error on this issue therefore fails.

## ORDER

For the reasons stated herein, the Commissioner's decision finding Plaintiff not disabled within the meaning of the Social Security Act is **AFFIRMED** and the Complaint (Dkt. 1) is **DISMISSED**.

DATED: March 31, 2026

Honorable Debora K. Grasham
United States Magistrate Judge